Miller v. Green.

37  631
138s 565|

## GEORGE W. MILLER

### v.

## HETTY H. R. GREEN ET AL.

*Mortgages—Equity of Redemption—Conveyance of.*

1. Where the evidence shows that no advantage was taken, a mortgagor should be prevented from asserting an equity of redemption, which he has parted with on a sufficient consideration, and which a mortgagee has obtained and dealt with in good faith.

2. The fact that mortgage notes exhibited to the mortgagor as canceled and paid, were not delivered to him upon the conveyance by him of his equity of redemption in the property involved, raises no equity in his

behalf. In such case the indebtedness is extinguished upon the delivery of the deed, and equity will cancel the notes if their holder refuses to do so.

[Opinion filed February 10, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. CONSIDER H. WILLETT, for appellant.

Messrs. BISBEE & AHRENS, for appellee.

MORAN, P. J. Appellant was indebted to appellee Hetty H. R. Green, in two principal notes for $7,000 each, and certain interest coupon notes, each of said principal notes and the interest notes belonging thereto being secured on separate twenty-acre tracts of land, (each situated in section 20, township 38 north, range 14,) by proper trust deeds. In the fall of 1877, said principal notes being due, appellant proposed to convey to said appellee the said two twenty-acre tracts of land in full payment of the indebtedness secured thereon. After some negotiations, appellee agreed to receive a conveyance of said land and to cancel the notes secured thereon, and on September 10, 1877, appellant conveyed to her by warranty deed of that date the said two tracts of land for a stated consideration of $20,000, which was about the amount of indebtedness and accrued interest and taxes on the property up to that date. This deed was delivered to Peabody, agent of appellee, and was by him on said day of its date filed for record in the recorder's office. Appellant's notes were not delivered up to him at that time, nor is it clear that they were then canceled, and appellant's contention is that the deed was not to be recorded at the time it was delivered to Peabody, but that it was to be held in escrow by Peabody and delivered to said appellee when she delivered up appellant's notes canceled.

Appellant was at the same time indebted to said appellee upon another principal note for $7,000, and certain interest coupons which were secured upon a certain other twenty acres of land situate in the same section and township, and on

September 24, 1877, he executed to said appellee a warranty deed of said last mentioned twenty acres for the expressed consideration of $10,000, and delivered the same to Peabody under the following written statement:

"Chicago, September 24, 1877.

"George W. Miller and wife have executed a deed of this date conveying to Hetty H. R. Green the N. ½ of S. E. ¼ of S. E. ¼ of section 20, town 38 north, range 14 east, in Cook Co., Ills., which is placed in the hands of F. B. Peabody, to be delivered to said Green, unless said George shall on or before September 25, 1877, pay to said Hetty $42.15, being costs of advertising trustee's sale of said property.

(Signed) ·   "Geo. W. Miller,

"Caroline K. Miller."

Appellant paid the sum of money mentioned in said writing and its payment was acknowledged by Peabody on the foot of the writing under date of September 25, 1877, but the deed was retained in the hands of Peabody, and on December 7, 1877, the following writings were executed by the appellant and appellee and delivered to Peabody:

"Chicago, December 7, 1877.

"Francis B. Peabody & Co.

"*Gentlemen:* Please deliver to Mrs. Hetty H. R. Green, the deed executed by me and my wife, dated September 24, 1877, conveying to said Hetty H. R. Green, the N. ½ of S. E. ¼ of S. E. ¼ of section 20, in township 38 north, range 14 east of the third principal meridian, upon her authorizing you (in the event that a continuation of the abstract of title to said premises shall show that I have made no conveyance or encumbrance thereon since the recording of the trust deed made by me and my wife to B. E. Gallup, recorded in the recorder's office of Cook county, Illinois, in book 54 of records, at page 115), to cancel and deliver to me the principal note and unpaid interest coupons described in said trust deed, and also the principal note and unpaid interest coupons mentioned in two other trust deeds made by me and my wife to B. E. Gallup, and recorded in said recorder's office, in book 54 of records, at pages 113 and 114, respectively.

"Geo. W. Miller."

"CHICAGO, December 7, 1877.

"To FRANCIS B. PEABODY & Co.

"*Gents:* If a continuation of the abstract of title to the N. ½ of S. E. ¼ of S. E. ¼ of section 20, township 38 north, range 14 east of the third principal meridian, from the date of recording the trust deed of G. W. Miller and wife to B. E. Gallup, recorded in Cook county, Illinois, recorder's office, in book 54 of records at page 115, to this date, shall show G. W. Miller has no conveyance or encumbrance on said premises since the recording of said trust deed, you are hereby authorized to cancel and deliver to said Miller the principal and unpaid interest coupons described in said trust deed, and also the principal notes and unpaid interest coupons mentioned in two other trust deeds made by said Miller and wife to B. E. Gallup and recorded in said recorder's office, in book 54 of records, at pages 113 and 114, respectively.

"HETTY H. R. GREEN."

Appellant now contends that the delivery of the said deed of September 24, 1877, was in satisfaction of all the indebtedness which was secured on the whole sixty acres, and the deed of September 10, 1877, conveying the forty acres, was in fact only a mortgage. Appellee contends that the first deed was delivered and received in satisfaction of the indebtedness secured on the property described in it, and that she directed her agent to cancel appellant's notes therefor, and that the deed of September 24, 1877, was delivered and received in satisfaction of the indebtedness secured on the twenty acres by it conveyed, and that the writings above set out, evidence the completion of the entire transaction and contain the authority to Peabody to deliver up all the notes. There is no question of law involved in this case. Its determination depends upon the question whether the deed of September 10th was executed, delivered and received in payment and satisfaction of the amount of money then due from appellant to appellee and secured upon the property described in it. If it was then the appellant's bill is without equity. On the hearing in the Superior Court upon the bill, answers and proofs, appellant's bill was dismissed, the court finding that the evidence did not support appellant's contention.

Miller v. Green.

It would avail nothing to the parties in interest that we should enter upon a detailed discussion of the evidence contained in the record. Appellant's contention is inherently improbable. He has suffered thirteen years to pass before bringing it forward; meanwhile appellee has carried the property and paid out large amounts in taxes thereon. The evidence convinces us that at the time appellant made the different conveyances to appellee, the property was scarcely worth the amount secured upon it, and that it could not be sold in the market for that amount. Since, and during a few years preceding the filing of appellant's bill, the property has greatly appreciated in the market, and is now of considerable value.

There is no evidence to show that appellant was the subject of oppression by appellee; on the contrary, it is clear that propositions to convey the property absolutely in discharge of the indebtedness, came from appellant himself, and that he regarded their acceptance by appellee as an advantage gained by himself.

While the acquiring of the equity of redemption by a mortgagee from a mortgagor will usually be jealously examined by the courts to see that the transaction is free from undue influence or oppression, yet when the evidence shows that no advantage has been taken, it is the constant practice to hold the parties to their arrangements, and to prevent the mortgagor from asserting an equity of redemption which he has parted with on a sufficient consideration, and which a mortgagee has obtained and dealt with in good faith.

The evidence, as we read it, fully sustains appellee's contentions as to all the material facts, and disproves all appellant's substantial allegations. His notes were canceled and were exhibited to him as canceled and paid. The claim that because they were not delivered over into his hands, the debt still continued, and the deed made to satisfy them became a mortgage, is an attempt to found an equity on a mere technical basis. The indebtedness was extinguished upon the delivery of the deed without any further formality whatever, and equity would at any time thereafter have canceled the notes if appellee had refused to do so.

We find no merit in this appeal, and the decree of the Superior Court will therefore be affirmed.

*Decree affirmed.*